NO. 07-02-0304-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 25, 2002
_____

JOE A. NARVAIS, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-438,391; HON. JOHN T. FORBIS, PRESIDING
_____

***ABATEMENT AND REMAND***
_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

Appellant Joe A. Narvais, Jr. appeals from a judgment convicting him of aggravated assault with a deadly weapon. The clerk's record is due in this cause, and an extension of the applicable deadline was sought. To justify the extension, the district clerk represented that appellant has not paid or made arrangements to pay for the record. The

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2002).

reporter's record has been filed in this cause. Nothing of record appears showing the appellant is indigent and entitled to a free record.

Accordingly, we now abate this appeal and remand the cause to the 364th District Court of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.  whether appellant desires to prosecute the appeal;

2.  whether appellant is indigent; and,

3.  whether the appellant is entitled to a free appellate record due to his indigency.

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk's record containing the findings of fact and conclusions of law and all orders it may issue as a result of its hearing on this matter, and 3) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the district court shall then file the supplemental record with the clerk of this court on or before October 25, 2002. Should further time be needed by the trial court to perform these tasks, then same must be requested before October 25, 2002.

It is so ordered.

Per Curiam

Do not publish.

2